IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANDERSON,

    Plaintiff,

v.

UNITED STATES,

    Defendant.

No. 12-3438 EDL

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff brought this case against Defendant, alleging that he is entitled to a share of a fine that was assessed against his employer as a bounty for blowing the whistle against his employer under the Act to Prevent Pollution from Ships, 33 U.S.C. §§ 1901, et. seq.. Defendant has filed a motion to dismiss, arguing that all four of Plaintiff's claims should be dismissed because the Court lacks jurisdiction over Plaintiff's case and that Plaintiff has failed to state a claim. After the motion was filed, Plaintiff dismissed three of the four claims, so only the due process claim remains.

On December 4, 2012, the Court held a hearing on Defendant's motion to dismiss. For the reasons stated at the hearing and in this Order, Defendant's motion to dismiss is granted without leave to amend.

**Allegations from the complaint**

The United States is a party to the International Convention for the Prevention of Pollution from Ships, as modified by the Protocol on 1978, the MARPOL Protocol, which regulates, among other things, the discharge of oil from vessels at sea. Compl. ¶ 5. The MARPOL Protocol is embodied in several agreements ratified by the United States and was adopted and implemented by

the Congress by the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. § 1901, et seq. Compl. ¶ 5. Under APPS, it is a crime for any person to knowingly violate the Act and the MARPOL Protocol. Compl. ¶ 5.

The MARPOL Protocol, APPS, and related federal regulations provide a process by which oily sludge waste and oily bilge waste are to be handled, and require that a vessel's overboard discharge of oily waste not exceed 15 parts per million of oil. Compl. ¶ 6. Vessels over 400 gross tons are required to record overboard discharge of oil and bilge water in a document known as the Oil Record Book. Compl. ¶ 6.

Plaintiff was an engineer aboard the S/S Horizon Enterprise, a vessel over 800 feet in length and weighing in excess of 28,000 gross tons. Compl. ¶ 7. He was aware of the vessel discharging excessive oily waste into navigable water and that the crew kept false Oil Record Books to hide this illegal discharge. Compl. ¶ 7.

On October 27, 2010, the S/S Horizon Enterprise arrived at the Port of Oakland. Compl. ¶ 8. Early that morning, Plaintiff emailed the head of the Coast Guard Sector San Francisco and notified him that the vessel had been polluting navigable waters and falsifying its Oil Record Book. Compl. ¶ 8. As a direct result of Plaintiff's email, the Coast Guard boarded the S/S Horizon Enterprise. Compl. ¶ 8.

After October 27, 2010, representatives of various government agencies communicated with and met with Plaintiff. Compl. ¶ 9. On more than one occasion, Plaintiff told a representative that he was putting his job at risk and career in jeopardy and expected to be compensated as a whistleblower for taking that risk. Compl. ¶ 9.

Plaintiff did not know that the United States had filed an Information against Horizon Lines, the owner of the S/S Horizon Enterprise. Compl. ¶ 10; United States v. Horizon Lines, CR-12-0055 RS. Shortly thereafter, Horizon Lines entered into a plea agreement in which it agreed to a $1.5 million penalty. Compl. ¶ 10. Plaintiff alleges that he was not notified of the plea agreement until he read about it in the media. Compl. ¶ 10. Plaintiff alleges that to date, the United States Attorney's Office refuses to recognize Plaintiff as the whistleblower whose efforts and information led to the plea agreement and penalty. Compl. ¶ 11.

1  The MARPOL Protocol allows a whistleblower to receive up to fifty percent of the penalty
2  levied against a violator in the discretion of the court. Compl. ¶ 12; 33 U.S.C. § 1908(b) ("In the
3  discretion of the Court, an amount equal to not more than 1/2 of such fine may be paid to the person
4  giving information leading to conviction."). Plaintiff alleges that he was the person who presented
5  information to the Coast Guard, EPA and United States Attorney's office and the information led
6  directly to a $1.5 million penalty against Horizon Lines. Compl. ¶ 12.

**Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(1), the Court must dismiss a complaint when the Court lacks subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Under Federal Rule of Civil Procedure 12(b)(6), the Court takes as true all material allegations of the complaint in the light most favorable to the plaintiff. Terracom v. Valley Nat'l Bank, 49 F.3d 555, 558 (9th Cir. 1995). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**Discussion**

Plaintiff alleges that Defendant implemented procedures that deprived Plaintiff of his economic interests and property rights in violation of the due process clause of the Fifth Amendment. Compl. ¶ 20. Plaintiff alleges that Defendant failed to provide Plaintiff with adequate notice or hearing procedures to protect his right to recover up to fifty percent of the $1.5 million fine levied against Horizon Lines. Compl. ¶ 21. Plaintiff alleges that Defendant violated 33 U.S.C. § 1908 by failing to pay Plaintiff his portion of the recovery. Compl. ¶ 22.

Defendant argues that this claim should be dismissed because the Court lacks subject matter jurisdiction and because Plaintiff has failed to state a claim upon which relief could be granted. Plaintiff's due process claim rests on the argument that Defendant violated 33 U.S.C. § 1908, which states in relevant part:

> In the discretion of the Court, an amount equal to not more than 1/2 of such fine may be paid to the person giving information leading to conviction.

3

33 U.S.C. § 1908(a). Plaintiff alleges that he was not provided with adequate notice or hearing procedures to claim his portion of the $1.5 million penalty assessed to Horizon Lines.

### A. Sovereign immunity

The Court lacks subject matter jurisdiction because the United States has not waived its sovereign immunity. "It long has been established, of course, that the United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (quoting United States v. Sherwood, 312 U.S. 584, 589-591, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941)). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. . . . Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" FDIC v. Meyer, 510 U.S. 471, 476, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994); see also Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985) (stating that absent a waiver of sovereign immunity the action must be dismissed for lack of subject matter jurisdiction). The burden of showing an unequivocal waiver of immunity lies with the party who seeks to bring suit against the federal government. West v. Federal Aviation Admin., 830 F.2d 1044, 1046 (9th Cir. 1987).

Plaintiff has failed to identify a waiver of sovereign immunity authorizing this action against the United States. Plaintiff's due process claim rests on a violation of § 1908. Section 1908 is part of the Act to Prevent Pollution from Ships ("APPS"). 33 U.S.C. § 1901, et seq. There is no express waiver in the statute permitting a claim against the United States. Further, the portion of the APPS governing legal actions states in relevant part:

> Except as provided in subsection (b) of this section, any person having an interest which is, or can be, adversely affected, may bring an action on his own behalf--
>
> (1) against any person alleged to be in violation of the provisions of this chapter, or regulations issued hereunder;
>
> (2) against the Secretary where there is alleged a failure of the Secretary to perform any act or duty under this chapter which is not discretionary with the Secretary;
>
> (3) against the Administrator where there is alleged a failure of the Administrator to

4

perform any act or duty under this chapter which is not discretionary; or

(4) against the Secretary of the Treasury where there is alleged a failure of the Secretary of the Treasury to take action under section 1908(e) of this title.

33 U.S.C. § 1910(a). This section does not permit a due process claim against the United States as Plaintiff has alleged here. Plaintiff has not met his burden of showing that there is an express waiver of sovereign immunity for this constitutional claim.

### B. Other jurisdictional basis

In support of his argument that the Court has jurisdiction, Plaintiff relies on Miller v. United States, 455 F.2d 833 (4th Cir. 1971). In Miller, the whistleblower claimants argued that they were deprived of due process when, in their absence, a court decided that they were not entitled to any part of a penalty that was imposed on a railroad company that was illegally discharging diesel fuel into a river. The claimants argued that they were entitled to a portion of the penalty under the Refuse Act of 1899, 33 U.S.C.A. § 411, which stated:

> Every person and every corporation that shall violate . . . the provisions of section[s] 407 . . . shall be guilty of a misdemeanor, and on conviction thereof shall be punished by a fine not exceeding $2,500 nor less than $500, or by imprisonment (in the case of a natural person) for not less than thirty days nor more than one year, or by both such fine and imprisonment, in the discretion of the court, one-half of said fine to be paid to the person or persons giving information which shall lead to conviction.

33 U.S.C. § 411. The railroad had been charged in a criminal proceeding under the Refuse Act, 33 U.S.C. §§ 407, 411. The railroad entered a plea agreement and was fined $500.00, and the court concluded that the claimants, who were not there for the trial, were not entitled to any portion of the fine. The Fourth Circuit concluded that the claimants were entitled to litigate their entitlement to a fee: "Since claimants had a claim of right under the statute, the due process clause of the Fifth Amendment guaranteed procedural, as well as substantive, due process in its assertion. Thus, claimants had a right to notice that their claim was being adjudicated, the right to confront and to cross-examine adverse witnesses, the right to participate in the proceedings by counsel and to adduce relevant, admissible evidence in their own behalf, and the right to a decision based upon evidence adduced at such a hearing." Id. at 836 (internal citations omitted). Further, the court held that under the Refuse Act, when certain circumstances are present, an award to a whistleblower of a

5

portion of a fine is mandatory:

> We cannot read the sole purpose of the crucial phrase to be to grant discretion whether to reward a qualified informer where that phrase follows the provisions for the alternate penalties of a fine or imprisonment or both. Rather, we think that where the statute provides a choice of imprisonment (in the case of a natural person) or a fine, or both, and the range within which the amount of the fine or length of imprisonment, or both, may be fixed, the phrase "in the discretion of the court" applies only to the fashioning of the penalty and not to the disposition of the fine if, in a given case, the fine is imposed. If a fine is imposed, alone or in conjunction with incarceration, the sentencing court may be presented with the factual question of whether a person or persons gave information leading to conviction, but once that factual question is decided what the court must do thereafter is not a discretionary matter. If the question is answered in the negative, the entire fine is paid to the government. But if it is answered in the affirmative, one-half of the fine is to be paid to the person or persons giving information which leads to conviction.

Miller, 455 F.2d at 835-36.

Miller is inapposite. Here, Horizon Lines was not charged with or convicted of a violation of section 1908, which is the statute that provides for discretionary payment of a portion of a fine to a whistleblower. Instead, in their discretion, prosecutors charged Horizon Lines with violating a different statute, 18 U.S.C. § 1001(a)(3), by falsifying its Oil Record Book. Sladden Decl. Ex. A, B, C. Unlike section 1908, section 1001(a)(3) does not provide for payment of a portion of the fine to the person who provides information leading to a conviction. Section 1001(a)(3) states:

> (a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully-- . . .
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; . . .

18 U.S.C. § 1001(a)(3). Thus, in Miller, the claimants were seeking payment of a portion of a fine under the same statute that the railroad was charged with violating. Here, Plaintiff is seeking a bounty under a different statute that the one that Horizon Lines was convicted of violating.

Further, the Miller claimants sought payment of a portion of the fine within the criminal proceedings against the railroad by seeking reconsideration of the court's order that no portion of the fine would be paid to them. Here, by contrast, Plaintiff has filed a separate civil action. In addition, under the Refuse Act in Miller, payment of a portion of the fine to a whistleblower would be mandatory if the court imposed the fine and determined that the whistleblower gave information leading to conviction. Here, even if section 1908 applied, payment to a whistleblower like Plaintiff

6

would be discretionary.

Plaintiff essentially argues that the fact that Horizon Lines was not convicted under the APPS does not matter because there is no doubt that Horizon Lines' conduct violated the section 1908, and as a result, whether directly or indirectly, Horizon Lines was fined $1.5 million. Plaintiff argues that the MARPOL Protocol requires a vessel like the Horizon Enterprise to maintain an Oil Record Book and to make proper entries into ths book. United States v. Royal Carribean Cruises, 11 F. Supp. 2d 1358, 1363 (S.D. Fla. 1998). Further, Plaintiff argues that federal regulations have been promulgated pursuant to APPS. See 33 C.F.R. § 151.01 ("The purpose of this subpart is to implement the Act to Prevent Pollution from Ships, 1980, as amended (33 U.S.C. 1901–1911) and Annexes I, II and V of the International Convention for the Prevention of Pollution from Ships, 1973, as modified by the Protocol of 1978 relating thereto (MARPOL 73/78), done at London on February 17, 1978. This subpart also implements the Antarctic Science, Tourism, and Conservation Act of 1996, and the Protocol on Environmental Protection to the Antarctic Treaty done at Madrid on October 4, 1991."); 33 C.F.R. § 151.125 ("(a) Each oil tanker of 150 gross tons and above, ship of 400 gross tons and above other than an oil tanker, and manned fixed or floating drilling rig or other platform shall maintain an Oil Record Book Part I (Machinery Space Operations). An oil tanker of 150 gross tons and above or a non oil tanker that carries 200 cubic meters or more of oil in bulk, shall also maintain an Oil Record Book Part II (Cargo/Ballast Operations)."). Plaintiff states that Horizon Lines pled guilty to knowingly falsifying the Oil Record Book for Horizon Enterprise. Thus, pursuant to Plaintiff's argument, Horizon Lines also violated the APPS and Plaintiff is entitled to take advantage of the bounty provision of section 1908.

Plaintiff's argument is not well-taken. Horizon Lines was not charged under the APPS, and did not plead guilty to a violation of the APPS. Plaintiff has cited no authority that, under those circumstances, he would be entitled to a portion of the fine assessed to Horizon Lines under the APPS.

### C. Failure to state a claim

Even if the Court had subject matter jurisdiction, Plaintiff has failed to state a claim for violation of his due process rights. Plaintiff has not shown that he has a property right in the portion

7

of the penalty that he seeks because the award is discretionary. See Serra v. Lappin, 600 F.3d 1191, 1196 (9th Cir. 2010) ("This claim fails because prisoners do not have a legal entitlement to payment for their work, and the Due Process Clause protects only against deprivation of existing interests in life, liberty, or property. See Stanley v. Gonzales, 476 F.3d 653, 660 (9th Cir.2007) ('To assert a procedural due process claim under the Fifth Amendment, Stanley must first establish a constitutionally protected interest. Stanley must have more than a unilateral expectation of it; instead, she must have a legitimate claim of entitlement.' (citing Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569-70, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)))").

More importantly, even if the APPS provided Plaintiff with an entitlement to a portion of the fine, as described above, Horizon Lines was not charged with and convicted of a violation of the APPS. Therefore, Plaintiff has failed to state a claim for violation of due process.

**Conclusion**

Defendant's motion to dismiss is granted. Because Plaintiff cannot cure the jurisdictional deficiency in his complaint, dismissal is without leave to amend.

IT IS SO ORDERED.

Dated: December 5, 2012

ELIZABETH D. LAPORTE
United States Magistrate Judge

8